**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| PLANTERRA CORPORATION, and <br> PLANTERRA INTERNATIONAL, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PLANTERIA (US) INC., PLANTERIA <br> GROUP (UK) LIMITED, And <br> PLANTERIA HOLDINGS LIMITED, <br><br> Defendants. | Civil Action Case No: **1:25-cv-9350** <br><br><br> **COMPLAINT** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiffs Planterra Corporation and Planterra International, LLC (collectively, "Plaintiffs" or "Planterra"), for their cause of action against Defendants Planteria (US) Inc., Planteria Group (UK) Limited, and Planteria Holdings Limited (collectively, "Defendants" or "Planteria"), allege as follows:

**INTRODUCTION AND FACTUAL ALLEGATIONS**

Plaintiffs bring this lawsuit to protect the substantial goodwill that it has developed over the past five decades in its distinctive PLANTERRA word mark and logo. Plaintiffs' federally registered trademark has gained a national reputation as a provider of high-quality interior foliage and horticultural services for retail, workplaces, hotels, and institutions. Plaintiff Planterra Corporation has also built a consumer reputation for its event and banqueting operation, the Planterra Conservatory, a nationally acclaimed wedding venue.

2. The goodwill and reputation for quality that Plaintiffs have worked so hard to cultivate in the United States are being threatened by Defendants' actions. Defendants are new entrants to the United States (U.S.) market and have used - and continue to use - their PLANTERIA word mark and logo in the United States, which are confusingly similar to Plaintiff's PLANTERRA word mark and logo, to sell competing goods and services to the same type of consumers and to cover the same markets served by Plaintiffs. Unless Defendants are enjoined from using their PLANTERIA mark in the United States, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiffs.

3. This is an action under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and New York law, seeking injunctive relief, damages, and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4. This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under New York law for trademark infringement and unfair competition, as well as a claim under the New York Consumer Protection Act.

5. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over all Defendants. Defendants' acts of infringement of Plaintiffs' registered mark were committed in the Southern District of New York,

Manhattan Division, within the jurisdiction of this Court. Defendants have advertised, promoted, and offered their goods and services under the infringing PLANTERIA mark in this District and throughout the State of New York, and have transacted substantial business within this District by soliciting and serving customers here.

8. Upon information and belief, Planteria Group (UK) Limited and Planteria Holdings Limited, while incorporated under the laws of the United Kingdom, have purposefully directed their activities toward the United States and the State of New York by establishing and maintaining their U.S. headquarters for Planteria (US) Inc. at 460 Park Avenue South, New York, NY 10016, and by appointing and supervising their U.S. leadership team based at that location.

9. Although Planteria (US) Inc. is incorporated in Delaware, its principal place of business and operational control center are located within this District. Through its New York headquarters, Defendants collectively manage, control, and derive substantial revenue from business conducted in the United States, including the acts giving rise to this Complaint.

10. Accordingly, Defendants have purposefully availed themselves of the privilege of conducting business in New York and the United States and could reasonably foresee being haled into court in this District. Defendants' acts have caused injury to Plaintiffs within the State of New York and within this judicial District, and the exercise of jurisdiction over all Defendants comports with traditional notions of fair play and substantial justice.

11. In addition, and in the alternative, this Court has personal jurisdiction over the foreign Defendants Planteria Group (UK) Limited and Planteria Holdings Limited pursuant to Federal Rule of Civil Procedure 4(k)(2). These Defendants are not subject to jurisdiction in the courts of general jurisdiction of any single state, yet they have sufficient contacts with the United States as a whole to satisfy due process under the Fifth Amendment.

12. Upon information and belief, the foreign Defendants purposefully directed their commercial activities toward the United States, including by (a) establishing and controlling their U.S. affiliate, Planteria (US) Inc., headquartered in New York City; (b) marketing and offering services to U.S. customers under the PLANTERIA name through digital platforms accessible throughout the United States; (c) coordinating U.S. operations and management decisions through their executives and representatives based in New York; and (d) deriving substantial revenue from U.S. commerce. These contacts collectively demonstrate that the foreign Defendants have purposefully availed themselves of the privilege of conducting activities in the United States and that the exercise of personal jurisdiction by this Court is consistent with the Constitution and laws of the United States, as well as with traditional notions of fair play and substantial justice.

13. Venue is proper in this district pursuant to 28 U.S.C. § 13         may be found or transact business in this district, and a substantial part of the events giving rise to Plaintiffs' claims occurred and are continuing to occur in this district.

## PARTIES

4. Plaintiff Planterra Corporation is a Corporation duly organized and existing under the laws of the State of Michigan, having an office and place of business at 7315 Drake Rd., West Bloomfield, MI 48322.

5. Plaintiff Planterra International, LLC, is a Limited Liability Company duly organized and existing under the laws of the State of Delaware, having an office and place of business at 7315 Drake Rd., West Bloomfield, MI 48322.

6. Plaintiff Planterra Corporation is the owner of the federally registered trademark PLANETERRA®, and a logo (icon) mark, U.S. Registration Nos. 5636233 (US Serial Number 87711444) and 5640687 (US Serial Number 87711493).

17. Plaintiffs' federally registered trademarks have gained a national reputation as a provider of high-quality interior foliage and horticultural services for businesses, commercial facilities, workplaces, hotels, and institutions.

18. Plaintiff Planterra Corporation has also built a consumer reputation for its event and banqueting operation, the Planterra Conservatory, a nationally acclaimed wedding venue. Page 5 of 20

19. Plaintiff Planterra Corporation has granted an exclusive license to Plaintiff Planterra International, LLC, to use and enforce said marks in connection with high-quality interior foliage and horticultural services for retail, workplaces, hotels, and institutions, encompassing plantscape design and management services in the United States and Canada.

20. Both Plaintiffs have standing to bring this action for trademark infringement and unfair competition.

21. Upon information and belief, Defendant Planteria (US) Inc. is a Corporation organized and existing under the laws of the State of Delaware, having an office and place of business at 460 Park Avenue South, Suite 206, New York, New York 10016.

22. Upon information and belief, Defendant Planteria Group (UK) Limited is a Private Limited Company organized and existing under the laws of the United Kingdom, having a registered office address at The Old Fire Station Wheeler Lane, Witley, Godalming, Surrey, GU8 5QU, United Kingdom.

23. Upon information and belief, Defendant Planteria Holdings Limited is a Private Limited Company organized and existing under the laws of the United Kingdom, having a registered office address at The Old Fire Station Wheeler Lane, Witley, Godalming, Surrey, GU8 5QU, United Kingdom.

24. Upon information and belief, Planteria Holdings Limited owns a majority stake in Planteria Group (UK) Limited, making it a controlling partner in Planteria Group (UK) Limited.

25. Upon information and belief, Defendant Planteria Group (UK) Limited is the parent company and controlling entity of Defendant Planteria (US) Inc., and directs, manages, and exercises operational and financial control over Planteria (US) Inc.'s business activities in the United States, including those activities giving rise to this action. Although Planteria Group (UK) Limited and Planteria (US) Inc. are nominally distinct legal entities, they function as a single, integrated enterprise with common ownership, management, branding, and business purpose.

26. Upon information and belief, Planteria Group (UK) Limited created Planteria (US) Inc. to serve as its U.S. operating arm and to market and sell goods and services under the PLANTERIA name within the United States, including within the Southern District of New York. The acts of Planteria (US) Inc. complained of herein were committed at the direction and for the benefit of Planteria Group (UK) Limited.

## COUNT 1
## FEDERAL TRADEMARK INFRINGEMENT
## IN VIOLATION OF THE LANHAM ACT (15 U.S.C. § 1114)

27. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1.– 26. inclusive, as though fully set forth.

28. As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. Plaintiff has sold high-quality interior foliage and horticultural services for retail, workplaces, hotels, and institutions, encompassing plant-scape design and management services in United States interstate commerce under the PLANTERRA mark since September 1978. It has used the PLANTERRA mark continuously in United States interstate commerce since that time.

30. Plaintiff Planterra Corporation is the owner of federal trademark registrations, US Registration Numbers 4636233 (US Serial Number 87711444) and 5640687 (US Serial Number 87711493), with registration dates December 25, 2018, and January 1, 2019, respectively, on the principal register of the United States Patent and Trademark Office ("USPTO"). These registrations for the PLANTERRA mark and logo cover: Indoor terrariums; Pots; Dried herbs for decorative wreaths and sachets; Dried plants; Live decorative cut greenery; Live trees; Natural flowering plants; Potted dwarfed trees (bonsai); Providing social meeting, banquet and social function facilities; Floral design services; Landscape design; Landscape gardening; Plant care services; Plant nursery services; Rental of potted plants. Plaintiff's right to use this trademark has become incontestable under the provisions of 15 [U.S.C.] Sections 8 and 15 combined declarations have been accepted and acknowledged by the USPTO for both trademark registrations. A true copy of these registrations is attached as Plaintiffs' Exhibit A. The registrations are valid and subsisting and have never been cancelled.

31. Plaintiffs' goods are sold under the PLANTERRA mark through direct business-to-business channels throughout the United States as well as through a contact form on its website, www.planterra.com. Page 7 of 20

32. Plaintiffs' goods and services have been featured or mentioned in numerous national media outlets, including *Forbes*, *Inc. Magazine*, *AARP Magazine*, *U.S. News & World Report*, *Real Simple*, *Apartment Therapy*, *Today.com*, *Yahoo*, and *Realtor.com*. Plaintiffs' PLANTERRA businesses and marks have also been covered in leading trade publications such as *Healthcare Construction & Operations News*, *Buildings.com*, *Floral Daily*, *Green Profit*, *Greenhouse Grower*, *Turf Magazine*, and *I-Plants Magazine*.

33. Plaintiff Planterra Corporation's consumer-facing brand, the Planterra Conservatory, is widely recognized and has its own Wikipedia page at https://en.wikipedia.org/wiki/The_Planterra_Conservatory. The Planterra Conservatory has been ranked among the top wedding venues in the United States by *Harper's Bazaar* and *Brides Magazine*, and has been mentioned in major national outlets including *People Magazine*, *The New York Times*, and *The Wall Street Journal*.

34. Within the U.S. horticulture industry, Plaintiffs are known for executing prestigious interior landscape installations across the country and have earned top honors such as the Diamond Award and Judges' Choice Award from the *International Plantscape Awards*.

35. In January 2025, Planterra's founder, Larry Pliska, was inducted into the *International Plantscape Hall of Fame* during the Tropical Plant International Expo. at the Broward County Convention Center in Fort Lauderdale, Florida - a lifetime achievement distinction presented annually to only one interior landscape professional.

36. Plaintiffs also actively support and sponsor industry events across the United States as part of its ongoing engagement with its network of subcontractors and industry partners.

37. Plaintiffs' social media channels, including their channels on Instagram and Facebook, have a combined following of upwards of thirty-three thousand followers.

38. Plaintiffs have invested substantial time, effort, and financial resources promoting the PLANTERRA mark in connection with the marketing and sale of their goods and services in interstate commerce. The PLANTERRA mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill. The consuming public recognizes the PLANTERRA trademark and associates it with Plaintiff.

39. Plaintiff's PLANTERRA mark is inherently distinctive as applied to Plaintiff's goods and services that bear the mark.

40. Notwithstanding Plaintiff's established rights in the trademark PLANTERRA and logo, upon information and belief, Defendants adopted and used the confusingly similar trademark PLANTERIA and logo in interstate commerce in the United States in connection with the sale and offering for sale of goods and services that are in the same USPTO protected classes as Plaintiffs', on or after approximately November 4, 2024.

41. Defendants' mark PLANTERIA is not registered in the United States as a trademark with the United States Patent and Trademark Office (USPTO). Page 9 of 20

42. Defendants are new entrants to the United States market. Upon information and belief, Defendants entered the United States market for commercial activity on or after approximately November 4, 2024.

43. Defendants sell their goods and services using similar trade channels as Plaintiffs, covering overlapping United States geographical market territories and a similar segment of businesses. Defendants also own the www.planteriagroup.us domain name and sell its goods and services through its 'Enquiry' option on the website connected to that domain name. Upon information and belief, Defendants have advertised their goods under the infringing trademark on social media sites, e-commerce sites, search engine results, and in advertising media. [CONTINUED ON NEXT PAGE]

44. Plaintiff's registered trademarks (wordmark and logo icon) are depicted below (see Exhibit A for a true copy of the registration):

**PLANTERRA** 

45. Defendants' client-facing marks as they appear in commerce in the United States are depicted below:

**PLANTERIA** 

46. Without Plaintiffs' consent, Defendants have used and continue to use the infringing PLANTERIA mark in connection with the sale, offering for sale, distribution, or advertising of its goods.

47. Defendants have engaged in their infringing activity despite having constructive notice of Plaintiff PLANTERRA CORPORATION's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiffs' use of the PLANTERRA mark and logo.

48. Defendants' actions are likely to mislead the public into concluding that their goods and services originate with or are authorized by Plaintiffs, which will damage both Plaintiffs and the public. Plaintiffs have no control over the quality of goods and services sold by Defendant, and because of the source confusion caused by Defendants, Plaintiffs have lost control over their valuable goodwill.

49. Upon information and belief, Defendants have advertised and offered their goods for sale using the PLANTERIA mark with the intention of misleading, deceiving, or confusing consumers as to the origin of their goods and services and of trading on Plaintiffs' reputation and goodwill. Defendants' use of their PLANTERIA mark constitutes willful, deliberate, and intentional trademark infringement.

50. Plaintiffs have requested in writing that Defendants cease and desist from their infringing actions, but Defendants have failed to comply with them. Plaintiff PLANTERRA CORPORATION's letter to Defendants and Defendants' response are attached as Plaintiffs' Exhibits B and C. Page 11 of 20

51. In a further good-faith effort to resolve this matter without the need for litigation, Plaintiffs' Chief Executive Officer personally reached out to Defendant's Chief Executive Officer on November 7, 2025, to discuss an amicable resolution and to urge Defendants to discontinue their infringing use of the PLANTERRA mark through adoption of the PLANTERIA name. Recognizing that Defendants' entry into the United States market was recent, Plaintiff's CEO sought to resolve the dispute through dialogue rather than through costly legal proceedings. Despite these efforts, Defendants' CEO declined to heed Plaintiff's request or engage in a constructive resolution, thereby leaving Plaintiffs with no reasonable alternative but to seek redress from this Court.

52. Defendants' unauthorized use of the PLANTERIA mark and logo in interstate commerce as described above constitutes trademark infringement under                and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

53. As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and

Defendants have unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

54. Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT 2
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

55. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–54 inclusive, as though fully set forth.

56. As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendants' unauthorized marketing and sale of their products in interstate commerce using their PLANTERIA mark and logo constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiffs, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

58. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

59. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendants have and will continue to unfairly acquire income, profits, and goodwill.

60. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiffs if this Court does not restrain Defendants from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

## COUNT 3
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW §§ 349 AND 350
### (DECEPTIVE ACTS AND FALSE ADVERTISING)

61. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 60 as though fully set forth herein.

62. Defendants' use of the confusingly similar PLANTERIA mark and the domain planteriagroup.us in connection with the marketing and sale of competing horticultural services constitutes deceptive acts and practices and false advertising within the meaning of N.Y. Gen. Bus. Law §§ 349 and 350.

63. Such conduct is consumer-oriented in that it is directed to the general public, including business consumers in New York who purchase horticultural and interior-landscaping services, and has resulted in consumer confusion as to the source, sponsorship, or affiliation of Defendants' services.

64. Defendants' deceptive acts cause injury both to Plaintiffs and to consumers by misleading them into purchasing Defendants' services under the mistaken belief that they originate from or are affiliated with Plaintiffs.

65. Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiffs are entitled to injunctive relief, actual damages, treble damages for willful conduct, and reasonable attorney's fees.

## COUNT 4
### NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

66. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1–65 inclusive, as though fully set forth.

67. As its fourth ground for relief, Plaintiff alleges common law trademark infringement under New York law.

68. Plaintiffs have established common law rights in the PLANTERRA mark through continuous and exclusive use of the mark in connection with their horticultural and interior foliage services in New York, and, since at least 1978, throughout the United States.

69. Defendants' unauthorized use of the confusingly similar PLANTERIA mark and domain name planteriagroup.us in connection with identical or closely related services constitutes trademark infringement under New York common law, as such use is likely to cause confusion, mistake, or deception among consumers as to the source or origin of Defendants' services.

70. Plaintiffs have no adequate remedy at law for the damages caused thereby.

## COUNT 5
## NEW YORK COMMON LAW UNFAIR COMPETITION

71. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1–70 inclusive, as though fully set forth.

72. Defendants have, with knowledge or reason to know of Plaintiffs' longstanding and distinctive PLANTERRA mark and reputation, misappropriated Plaintiffs' goodwill, reputation, and brand identity by adopting and using the confusingly similar name PLANTERIA and the domain name planteriagroup.us in connection with identical or closely related services.

73. Defendants' conduct constitutes unfair competition under New York common law because it involves the bad-faith exploitation and misappropriation of Plaintiffs' labors and expenditures, is likely to cause confusion or mistake among consumers, and is contrary to honest commercial practice.

74. By intentionally or, at a minimum, negligently adopting a name and online identity in the United States so similar to Plaintiffs' well-known mark, Defendants have diverted potential

customers, traded on Plaintiffs' goodwill, and deceived consumers into believing that Defendants' services originate with, are sponsored by, or are affiliated with Plaintiffs.

75. Such conduct constitutes the palming off and passing off of Defendants' goods and services as those of Plaintiffs and the misappropriation of Plaintiffs' established reputation and business advantage.

76. Defendants' actions have caused and, unless restrained by this Court, will continue to cause Plaintiffs irreparable injury, loss of goodwill, and dilution of brand value for which Plaintiffs have no adequate remedy at law. Page 15 of 20

77. Accordingly, Plaintiffs are entitled to injunctive relief under New York common law prohibiting Defendants, their agents, and all persons acting in concert with them from further using the PLANTERIA mark, the domain planteriagroup.us, or any other mark or designation likely to cause confusion with Plaintiffs' PLANTERRA mark.

## **PRAYER FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiffs respectfully request that this Court enter an Order granting it the following relief:

    A.    Entering a judgment that Plaintiff PLANTERRA CORPORATION's registered PLANTERRA trademark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

    B.    Entering a judgment that Defendants' use of the PLANTERIA mark constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C. Entering a judgment that Defendants' use of the PLANTERIA mark violates the New York Consumer Protection Act in violation of NY Gen. Bus. Law §§ 349 & 350;

D. Entering a judgment that Defendants' use of the PLANTERIA mark constitutes common law trademark infringement and common law unfair competition under New York law;

E. Permanently enjoining and restraining Defendants and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the mark PLANTERIA in the United States, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendants' products or services where that designation would create a likelihood of confusion, mistake or deception with Plaintiffs' PLANTERRA mark;

F. Pursuant to 15 U.S.C. § 1116, Defendants to file with the Court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

G. Pursuant to 15 U.S.C. § 1118, Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels, and other material in their possession bearing the infringing designation;

H. Pursuant to 15 U.S.C. § 1119, Director of the United States Patent and Trademark Office from issuing to Defendant any trademark registration for its PLANTERIA mark or any combination of words or symbols that would create a likelihood of confusion, mistake, or deception with Plaintiffs' mark PLANTERRA;

I. Ordering Defendant to transfer the www.planteriagroup.us domain name to Plaintiff PLANTERRA CORPORATION;

Awarding Plaintiff all damages it sustained as the result of Defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to            ;

Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to            ;

Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117

0

    M.    Granting Plaintiff such other and further relief as the Court may deem just.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable.

Dated: November 09, 2025

Respectfully submitted,

**S/ *George Saad***
George Saad, Counsel for Plaintiffs
Arizona State Bar No. 040292
PLATZ JURIS, PLLC
2325 E. Camelback Rd., Suite 400, Phoenix, AZ 85016
Tel: (480) 570-8558
Fax: (480) 393-4122
Email: george@platzjuris.com

**COUNSEL FOR PLAINTIFFS**
**PLANTERRA CORPORATION AND PLANTERIA INTERNATIONAL, LLC**

####

**EXHIBITS A, B, AND C
ARE ATTACHED
ON THE FOLLOWING PAGES**

**EXHIBIT A**

**A TRUE COPY OF
PLAINTIFF PLANTERRA CORPORATION'S TRADEMARK REGISTRATIONS
AT
THE UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

**<u>EXHIBIT B</u>**

**A TRUE COPY OF PLAINTIFF PLANTERRA CORPORATION'S CEASE AND DESIST LETTER TO DEFENDANTS**

# EXHIBIT C

**A TRUE COPY OF DEFENDANT'S ANSWER TO PLAINTIFF'S CEASE AND DESIST LETTER**